IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK STEVENS,<br>  Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, et al.,<br>  Respondents. | : | NO. 09-3930 |

## EXPLANATION AND ORDER

Pending before the Court are two motions filed by the petitioner in his habeas corpus matter: for the appointment of counsel and for an evidentiary hearing. We have reviewed his Motion for the Appointment of Habeas Corpus Counsel (Doc. No. 5) in light of the response to his petition that was recently filed by the District Attorney's office. From our preliminary assessment of the habeas petition and response, this matter does not appear unusually complex. In addition, we have reviewed the state court record received from the Clerk of Quarter Sessions and have noted that Petitioner has had the benefit of several appointed attorneys on direct appeal and PCRA review. Respondents have acknowledged in their answer that four of the claims that Petitioner raises in this matter concerning the alleged ineffective assistance of trial counsel were properly exhausted at the state court level and subject to merits consideration under the AEDPA standard. Our review of the record confirms that those four claims were the subject of significant briefing before the Superior Court on PCRA review by Petitioner's appointed counsel. We fail to see any significant deficiencies in the presentation of those claims to the state court as to necessitate further involvement from counsel at this point.[1] Accordingly, we have determined that the interests of justice do not require

---

[1] We recognize that Petitioner contends that prior appointed counsel also failed to
(continued...)

1

the appointment of habeas corpus counsel in this matter at this time. *See* 18 U.S.C. § 3006A(a)(2) (setting forth standard applicable in habeas corpus cases).

We have also reviewed the Motion for Evidentiary Hearing (Doc. No. 4) in light of the habeas corpus petition, the response thereto, and the state court's decision of November 7, 2008 (appended to Respondents' answer as Exhibit D) which affirmed the denial of PCRA relief without an evidentiary hearing. We note that, in cases where a hearing is not barred by 28 U.S.C. § 2254(e)(2), the decision as to whether to hold an evidentiary hearing upon federal habeas review is a discretionary one. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1937, 1939 (2007). The court must first determine that an evidentiary hearing would have the potential to advance the petitioner's claim, i.e., that it would be meaningful. *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000). Here, however, Petitioner has not identified any factual disputes relevant to his claim that would appear capable of being advanced through an evidentiary hearing. Rather, it appears that the issues raised by his petition are capable of being resolved by reference to the existing record. Accordingly, we decline to exercise our discretion and hold an evidentiary hearing at this time.

---

[1](...continued)
raise three additional claims. (*See* Doc. No. 5 at 2.) Those three claims overlap, to some degree, with two of the grounds for relief asserted in his habeas petition. Respondents assert that the unexhausted claims should be dismissed as procedurally defaulted. (*See* Doc. No. 17 at 6-8.) Petitioner will have the opportunity in his reply brief to challenge that contention and to provide argument as to any applicable basis upon which the court might excuse his defaults. We conclude, however, that the interests of justice do not require that counsel be appointed for that purpose in this case.

2

AND NOW, this   8th   day of April, 2010, in light of the foregoing explanation, **IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Habeas Corpus Counsel (Doc. No. 5) and Motion for Evidentiary Hearing (Doc. No. 4) are **DENIED**.[2]

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[2] Notwithstanding our resolution of these motions, pursuant to this Court's previous Orders, we will entertain any reply brief Petitioner wishes to file before preparing our Report and Recommendation in this matter. *See, e.g.*, Order dated March 24, 2010 (Doc. No. 16) (permitting Petitioner to file a reply brief within 30 days of service of Respondents' response to the petition).